**Stanley WEAVER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 98–2553.**

United States Court of Appeals, Second Circuit.

Argued Sept. 27, 1999.

Decided Nov. 4, 1999.

Jonathan Svetkey, New York, NY (Watters & Svetkey, LLP, New York, NY), for Petitioner–Appellant.

Grant C. Jaquith, Assistant United States Attorney, Albany, NY (Thomas J. Maroney, United States Attorney for the

124

Northern District of New York, Albany, NY), for Respondent–Appellee.

Before: MESKILL, MINER, and PARKER, Circuit Judges.

PER CURIAM.

We hold that the application of the limitations period in 28 U.S.C. § 2255 to dismiss a first motion for relief under § 2255 does not per se violate the Suspension Clause of the federal Constitution.

After his plea of guilty, appellant was convicted in the United States District Court for the Northern District of New York for possessing crack cocaine with intent to distribute. We affirmed appellant's conviction on direct appeal, and the Supreme Court denied appellant's application for a writ of certiorari on January 21, 1997. *United States v. Weaver*, 104 F.3d 351, 1996 WL 554746 (2d Cir.1996), *cert. denied*, 519 U.S. 1100, 117 S.Ct. 788, 136 L.Ed.2d 730 (1997).

One year and forty days later, appellant moved to vacate the judgment of conviction pursuant to § 2255. Appellant raised two arguments in support of the motion. First, he argued that his sentence violated due process because it was based on materially untrue information, namely that he had possessed crack. Appellant argued that he actually possessed "cocaine paste." Second, appellant argued that he had been denied the effective assistance of counsel prior to his plea, at sentencing, and on direct appeal because his attorneys had failed to advise him before the plea of the sentencing disparity between powder and crack cocaine and failed to argue that the substance involved was not crack. As appellant concedes, the § 2255 motion was untimely because it was filed after the expiration of the one-year limitations period set forth in § 2255. The district court dismissed the motion as untimely, but granted a certificate of appealability on the

issue of whether dismissal violated the Suspension Clause of the federal Constitution.

The Suspension Clause provides, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I § 9, cl. 2. We have held that the limitations period for state prisoners petitioning for the first time for a writ under 28 U.S.C. § 2254 does not per se violate the Suspension Clause. *Rodriguez v. Artuz*, 161 F.3d 763 (2d Cir.1998) *aff'g on opinion below* 990 F.Supp. 275 (S.D.N.Y.1998). In *Rodriguez*, then-District Judge Sotomayor posited that the limitations period for state prisoners set forth in 28 U.S.C. § 2244 would violate the Suspension Clause if it rendered the habeas remedy "ineffective or inadequate to test the legality of detention." The dispositive question was whether the one-year limitations period created an "unreasonable burden" because it did not leave petitioners with "some reasonable opportunity to have their claims heard on the merits." *Rodriguez*, 990 F.Supp. at 280, 282 (internal quotation omitted).[1] Judge Sotomayor recognized that in "some cases" the one-year limitations period might constitute an unreasonable barrier, but she found "no grounds on which to hold that it is per se unreasonable to expect petitioners to file their federal habeas [petitions] within one year...." *Id.* at 283.

As noted, this case concerns the limitations period in § 2255 that applies to federal prisoners, whereas *Rodriguez* concerned the limitations period in § 2244 that applies to state prisoners. Section 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

1. As we affirmed for "substantially the reasons stated by the district court," *Rodriguez*, 161 F.3d at 764, our citations to the district court opinion also reflect our reasoning in the matter.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of our inquiry, the period of limitations language in § 2255 is essentially equivalent to the period of limitations language that applies to state prisoners as set forth in § 2244(d)(1). Appellant does not expressly argue that § 2244(d)(2) makes the limitations period different for state prisoners. Section 2244(d)(2) provides that, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). It appears that no tolling provision exists for federal prisoners bringing collateral attacks on the judgment because a motion made by a federal prisoner under § 2255 *is* the relevant collateral attack on "the pertinent judgment." At any rate, in that appellant does not contend otherwise, we need not decide the matter.

Faced with the essential equivalence between the limitations periods for state and federal prisoners, appellant posits only one reason why *Rodriguez* should not control the result of this case. Appellant notes that state prisoners have a timing advantage in that their federal petitions merely repeat the same claims they have just presented, unsuccessfully, in state court, whereas federal prisoners moving for relief under § 2255 are formulating and presenting new arguments for habeas relief. Thus, according to appellant, while one year may be a reasonable amount of time for a state prisoner to complete a § 2254 petition, one year constitutes an unreasonable barrier for federal prisoners.

Initially, we note that this distinction is only accurate in cases in which the state prisoner has fully litigated his or her claims in state court. If a state prisoner has not, and seeks review under the cause and prejudice or actual innocence standard, the claim may be a new one. *See, e.g., Lebron v. Mann,* 40 F.3d 561, 563–64 (2d Cir.1994) (state petitioner sought to present new Sixth Amendment claim). At any rate, we do not see that appellant's distinction provides a principled basis on which to hold that the one-year limit is per se unreasonable for federal prisoners. Indeed, appellant's case proves the point: appellant presents no argument as to why, in his case, he could not reasonably have moved for relief within one year. *Cf. Rodriguez,* 990 F.Supp. at 283 ("He has pointed the Court to no facts which explain why it was unreasonable for him to file his petition within this time."). In sum, we see no basis on which to reach a different result than the one reached in *Rodriguez. Cf. Mickens v. United States,* 148 F.3d 145, 148 (2d Cir.1998) (applying same limitations grace period to federal prisoners as to state prisoners). As in *Rodriguez,* we acknowledge the possibility that in some cases one year may be an insufficient amount of time. *See Rodriguez,* 990 F.Supp. at 283–84. We need not address what remedy, if any, would be available to a federal prisoner in such a case.

Finally, we note that appellant does not contend, and we have not considered, that a denial of the review of the underlying claims appellant seeks to raise creates "serious constitutional questions" aside

from the Suspension Clause issue. *Cf. Triestman v. United States*, 124 F.3d 361, 378–80 (2d Cir.1997) (holding that refusal to hear claim of actual innocence on collateral review would raise "serious constitutional questions" under Eighth Amendment and Due Process clause, and thus that claim could be brought under § 2241 where § 2255 relief was unavailable).

Accordingly, we affirm the order of the district court.