Jose MATIAS, Petitioner,

v.

Christopher ARTUZ, Respondent.

No. 00–2203.

United States Court of Appeals,
Second Circuit.

March 27, 2001.

Jose Matias, Attica, NY, pro se.

Present STRAUB, POOLER and
SACK, Circuit Judges.

SUMMARY ORDER

AFTER SUBMISSION AND UPON
DUE CONSIDERATION, IT IS HERE-

**10**

BY ORDERED, ADJUDGED AND DE-CREED that the motion for a certificate of appealability is hereby DENIED.

Petitioner Jose Matias, appearing *pro se*, moves pursuant to 28 U.S.C. § 2253 for a certificate of appealability, *in forma pauperis* status, and assignment of counsel in order to appeal a judgment of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*) dismissing his petition[1] for a writ of habeas corpus as untimely. For the reasons that follow, we deny Matias's motions and dismiss his petition for lack of appellate jurisdiction.

█ Matias was convicted in 1994 of two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree and was sentenced to two consecutive imprisonment terms of 25 years to life, one for each murder conviction, to run concurrently with an imprisonment term of 5 to 15 years for the weapon possession conviction. The Appellate Division of the New York Supreme Court affirmed Matias's conviction on January 21, 1997, *People v. Matias*, 235 A.D.2d 298, 653 N.Y.S.2d 308 (1st Dep't 1997), and leave to appeal to the New York Court of Appeals was denied on April 7, 1997, *People v. Matias*, 89 N.Y.2d 1038, 659 N.Y.S.2d 869, 681 N.E.2d 1316 (1997) (Bellacosa, J.). As a matter of federal law under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Matias's conviction therefore became "final" on July 6, 1997, "when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[d]." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998)); *see* 28 U.S.C. § 2244(d)(1)(A).

On or about May 6, 1998, Matias attempted to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the District Court, advancing the same claims he asserted in his direct appeal. According to Matias, this petition was returned to him by the District Court in July 1998 with instructions to submit his claims on an official § 2254 form, a blank copy of which was enclosed with the returned petition. Informal communication with the Pro Se Office of the Southern District of New York confirms that Matias originally filed a petition dated May 6, 1998, and that the District Court returned that petition on May 15, 1998. However, the Pro Se Office maintains that Matias's May 1998 petition was not returned for being filed on the wrong form, but rather because Matias neither had paid the filing fee nor had moved for *in forma pauperis* status when he submitted his petition. The manner in which Matias's May 1998 petition was handled apparently reflects the standard practice in the Southern District of New York; the Pro Se Office notes that had Matias moved to proceed *in forma pauperis* or paid the filing fee when he submitted his May 1998 petition, it would have accepted that *pro se* habeas petition irrespective of the form on which it had been submitted.

Matias filed the instant § 2254 petition, which asserts the same claims as his May 1998 petition, on or around April 18, 1999. In July 1999, the District Court ordered Matias to show cause why his habeas petition should not be dismissed as time-barred by the one-year limitations period enacted into law by Section 105 of AEDPA, Pub.L. No. 104–132, 110 Stat. 1217 (1996), and codified at 28 U.S.C.

---

**1.** Consistent with the terminology used in *Galtieri v. United States*, 128 F.3d 33, 36 (2d Cir.1997), we use "petition" to refer to the document seeking collateral relief, whether filed pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255.

§ 2244(d)(1). In response, Matias invoked his previous attempt to file the May 1998 petition, which, had it been accepted and filed by the District Court at that time, he claims would have been timely under § 2244(d)(1). The respondent moved to dismiss Matias's petition in October 1999 as time-barred by § 2244(d)(1), and the District Court granted that motion in March 2000, finding that his petition—meaning his April 1999 petition—was filed approximately two years after his conviction became final and was therefore time-barred by AEDPA.

Judgment was entered on March 15, 2000. Continuing to appear *pro se*, Matias filed a timely notice of appeal on March 28, 2000, which we construed as a motion for a certificate of appealability. *See* Fed. R.App.P. 22(b)(2); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir.1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255 (2d Cir.1997).

■ We construe both Matias's habeas petition and his motion for a certificate of appealability liberally, since both documents were filed *pro se*. *See, e.g., Williams v. Kullman*, 722 F.2d 1048, 1050–51 (2d Cir.1983); *United States ex rel. `Buford v. Henderson*, 524 F.2d 147, 152 (2d Cir.1975), *cert. denied*, 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976); *cf. Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). In support of his *pro se* motion for a certificate of appealability, Matias suggests that the District Court's application of 28 U.S.C. § 2244(d) to dismiss his habeas petition as untimely may have violated the Suspension Clause, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. In this respect, he asserts, the "very reason" for

the District Court's denial of his petition provides the "substantial showing of the denial of a constitutional right" required for a certificate of appealability to issue under 28 U.S.C. § 2253(c). *See Muniz v. United States*, 236 F.3d 122, 128–29 (2d Cir.2001) (noting constitutional question arising under Suspension Clause from dismissal of a first habeas petition for technical procedural reasons); *cf. Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) ("Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."). Matias's original petition appears to have been submitted at some point between May 6, 1998, the date on the face of that petition, and May 15, 1998, the date on which the Pro Se Office represents that it returned that petition to him for failure to pay the filing fee or to file for *in forma pauperis* status. Matias's original petition therefore appears to have been filed approximately two months before the AEDPA limitations period expired on July 6, 1998.

Whether we may grant a certificate of appealability to review the District Court's procedural dismissal of Matias's petition is governed by the Supreme Court's recent decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In *Slack*, the Supreme Court set forth the standard under § 2253(c) for a certificate of appealability to issue when the district court has dismissed a habeas or § 2255 petition on procedural grounds. The Court rejected the government's position that "no appeal can be taken if the District Court relies on procedural grounds to dismiss the petition," *id.* at 483, and instead held that

[w]hen the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484. The Court concluded that since "Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal," *id.* at 483, some avenue had to remain open to review procedural dismissals if there also was a "substantial showing" that the substance of the underlying habeas petition had constitutional merit.

 Applying the standard set forth in *Slack*, we conclude that jurists of reason

would not find it debatable whether Matias's underlying petition states a valid claim of the denial of a constitutional right.[2] In that petition, Matias claims that the trial court violated his rights under the Due Process Clause by failing to instruct the jury on the defenses of justification and intoxication and that the sentence imposed is harsh and excessive in violation of the Eighth Amendment. Neither one of these claims would be debatable to jurists of reason. First, in order to successfully challenge his conviction, on federal habeas review, based on errors of state law in the trial court's jury instructions, Matias is obligated to show "not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Sams v. Walker*, 18 F.3d 167, 171 (2d Cir.1994) (internal quotation marks omitted). Since, as the Appellate Division concluded, the trial court cor-

---

**2.** We do note that applying the *Slack* standard under the circumstances presented here, in which the District Court's procedural dismissal *itself* furnishes the predicate upon which the petitioner's request for a certificate of appealability is founded, does appear to be in some tension with the plain meaning of 28 U.S.C. § 2253(c). The statute does not state that a certificate of appealability only may issue if the petitioner has made a "substantial showing of the denial of a constitutional right" in the habeas or § 2255 petition *itself*. Rather, the text of § 2253(c) seems to require the petitioner to make that "substantial showing" without regard to whether the petitioner asserts that the constitutional right in question was denied before or after the commencement of federal habeas or § 2255 proceedings.

Under the plain meaning of the statute, therefore, a "substantial showing" that a district court denied a petitioner's constitutional rights in its procedural disposition of the petitioner's habeas or § 2255 petition would appear to be sufficient to grant a certificate of appealability on that issue, and several of our pre-*Slack* decisions have relied upon that very interpretation. *See, e.g., Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir.) (holding that certificate of appealability

properly was granted on issue of "whether AEDPA's statute of limitations violates the Suspension Clause and whether, in order to survive a constitutional challenge, AEDPA must be read to include an 'actual innocence' exception"), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000); *Clark v. Stinson*, 214 F.3d 315, 319 (2d Cir.2000) (granting certificate of appealability to consider whether AEDPA limitations period violates Suspension Clause), *cert. denied*, 531 U.S. 1116, 121 S.Ct. 865, 148 L.Ed.2d 778 (2001); *Weaver v. United States*, 195 F.3d 123, 124 (2d Cir.1999) (per curiam) (exercising jurisdiction over appeal in which district court granted certificate of appealability to consider whether AEDPA limitations period violates the Suspension Clause), *cert. denied*, 529 U.S. 1094, 120 S.Ct. 1733, 146 L.Ed.2d 653 (2000). However, notwithstanding the apparent meaning of the statutory text, the Supreme Court's holding in *Slack* is not qualified to exclude cases such as the one presented here. We therefore interpret *Slack* to apply in all cases in which the district court dismissed the habeas or § 2255 petition "on procedural grounds," *Slack*, 529 U.S. at 484, without regard to whether those procedural grounds themselves implicate any constitutional questions.

rectly applied state law when it issued its instructions, *see People v. Matias*, 235 A.D.2d 298, 653 N.Y.S.2d 308 (1st Dep't 1997), the failure to instruct the jury on the defenses of justification and intoxication cannot serve as a basis to grant Matias relief on habeas. Second, Matias's sentence does not constitute cruel and unusual punishment. While "no penalty is *per se* constitutional," *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring), Matias's sentence is not unconstitutionally disproportionate to the crimes for which he was convicted. *See Bethea v. Scully*, 834 F.2d 257, 261 (2d Cir.1987); *see also Solem*, 463 U.S. at 290–92; *Harmelin*, 501 U.S. at 998–1001 (Kennedy, J., concurring).

Given that Matias's petition fails to state constitutional claims that "jurists of reason would find ... debatable," *Slack*, 529 U.S. at 484, we need not resolve, in the context of this petition, any questions arising from the District Court's failure to regard Matias's habeas petition—that is, his *original* May 1998 petition—as timely under the AEDPA limitations period. However, the facts surrounding the District Court's dismissal of that petition, if true, do give us pause. For while we have held that the one-year AEDPA limitations period does not *per se* violate the Suspension Clause, *see Weaver v. United States*, 195 F.3d 123, 124 (2d Cir.1999) (per curiam) (limitations period for 28 U.S.C. § 2255 for petitions under that section), *cert. denied*, 529 U.S. 1094, 120 S.Ct. 1733, 146 L.Ed.2d 653 (2000); *Rodriguez v. Artuz*, 161 F.3d 763, 764 (2d Cir.1998) (per curiam) (limitations period in 28 U.S.C. § 2244(d)(1) for § 2254 petitions), *aff'g on opinion below* 990 F.Supp. 275 (S.D.N.Y.1998), we have not so held with respect to shorter periods, like the approximately ten-month period that Matias claims effectively to have faced in this case.[3] *See Muniz*, 236 F.3d at 128–29. And under the rule prevailing in several other circuits, Matias's petition would have been timely under AEDPA, since those circuits have held that a *pro se* habeas or § 2255 petition need not be accompanied by either the filing fee or an *in forma pauperis* application in order to have been filed for AEDPA limitations period purposes.[4] *See, e.g., Nichols v. Bowersox*, 172 F.3d 1068, 1073–77 (8th Cir.1999) (en banc); *Jones v. Bertrand*, 171 F.3d 499, 502–04 (7th Cir.1999); *Spotville v. Cain*, 149 F.3d 374, 377–78 (5th Cir.1998) (per curiam).

Since it appears to be the practice of the Pro Se Office in the Southern District of New York not to record habeas and § 2255 petitions that are unaccompanied by the

---

3. Therefore, if the Pro Se Office's decision to return Matias's petition in May 1998 rested on a correct interpretation of AEDPA, then it would seem necessary to confront the Suspension Clause issue raised by Matias directly. *See Rodriguez*, 990 F.Supp. at 281. Of course, the need directly to address that question might still be avoided if a petitioner demonstrated some legitimate reason, such as application of equitable tolling, to be excused from the AEDPA limitations period. *See Muniz*, 236 F.3d at 128–29; *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000); *Lucidore*, 209 F.3d at 114.

4. In this regard, we also note, as we have in the past, that when a prisoner is proceeding *pro se*, his or her habeas or § 2255 petition generally is deemed to have been filed "as of the date on which it was given to prison officials for forwarding to the court clerk." *See Adeline v. Stinson*, 206 F.3d 249, 251 n. 1 (2d Cir.2000) (per curiam); *cf. Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* prisoner's notice of appeal is deemed to have been filed upon delivery to prison authorities for forwarding to court clerk).

**14**

filing fee or an application for *in forma pauperis* status as having been filed for AEDPA limitations period purposes, any number of such petitions that actually have been submitted within the AEDPA limitations period may nevertheless be at risk of being dismissed as untimely before the procedural question that Matias asserts has been definitively resolved in this circuit. A change in the policy or practice of the Pro Se Office may avert this risk entirely. However, given Matias's failure to demonstrate that the claims in his underlying habeas petition would be debatable to jurists of reason, *see Slack*, 529 U.S. at 484, we decline to resolve that issue in the context of this petition. Accordingly, Matias's motions for a certificate of appealability, *in forma pauperis* status, and assignment of counsel are DENIED, and Matias's habeas petition is DISMISSED for lack of appellate jurisdiction.