*Bryant v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty.

PRESENT:     DENNIS JACOBS,
             ROBERT D. SACK,
             PETER W. HALL,
                          *Circuit Judges*.

_____

John Oliver Bryant,

                  *Petitioner–Appellant*,

           v.                                              No. 18-1141

United States of America,

                  *Respondent–Appellee*.

_____

For Appellant:           RANDOLPH Z. VOLKELL, Law Office of Randolph Z. Volkell, Merrick, New York

For Appellee:            TIMOTHY V. CAPOZZI, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner–Appellant John Oliver Bryant appeals from an order entered in the United States District Court for the Southern District of New York (Briccetti, *J.*) dismissing his petition for a writ of habeas corpus as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255. We agree that Bryant's petition was untimely and affirm its dismissal.

Bryant's petition argues that his 1994 sentence as a career offender under the Sentencing Guidelines—at the time mandatory absent limited circumstances—is unconstitutional because the residual clause of the career offender guideline under which he was sentenced is unconstitutionally vague per *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (holding that the similarly-worded residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e)(2)(B), is unconstitutionally vague). As relevant here, AEDPA's one-year statute of limitation runs from the later of "the date on which the judgment of conviction becomes final; . . . [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." § 2255(f). Bryant argues that his petition is timely because he filed it on June 23, 2016, within a year of *Johnson* (decided June 26, 2015). *See Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* is retroactive).

This Court recently held that the right recognized in *Johnson* in the context of ACCA does not extend to the residual clause of the career offender sentencing guideline and that, as a result,

2

the petition of a movant sentenced under that guideline, even if filed within a year of *Johnson*, is not timely under § 2255(f)(3). *Nunez v. United States*, 954 F.3d 465, 467 (2d Cir. 2020); *see also id.* at 469 ("Our decision aligns with that of the majority of circuits to have addressed the issue." (citing *United States v. London*, 937 F.3d 502 (5th Cir. 2019); *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018); *Russo v. United States*, 902 F.3d 880 (8th Cir. 2018); *United States v. Green*, 898 F.3d 315 (3d Cir. 2018); *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018); *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017); *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017))). "It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016). Accordingly, we are bound by our holding in *Nunez,* and we too decline to find that Bryant's petition is timely because it was filed within a year of *Johnson*.

Bryant argues that denying him access to relief under § 2255 would violate the Suspension Clause because all individuals in his situation (sentenced as a career offender under the residual clause at a time when the sentencing guidelines were mandatory) are outside the one-year statute of limitations. *See Nunez*, 954 F.3d at 472 (Pooler, *J.*, concurring) ("[O]ur decision 'denies petitioners, and perhaps more than 1,000 like them, a chance to challenge the constitutionality of their sentences.' Therein lies the injustice." (quoting *Brown v. United States*, 139 S. Ct. 14, 14 (2018) (Sotomayor, *J.*, dissenting from denial of certiorari)). We apply plain error review to Bryant's Suspension Clause argument because Bryant did not raise it before the district court. *United States v. Miller*, 263 F.3d 1, 4 (2d Cir. 2001) ("Issues not raised in the district court . . . will be deemed forfeited on appeal and addressed only upon a showing that the [district] court committed plain error."). For an error to be "plain" it must be clear under current law. *See, e.g.,*

*United States v. Gamez*, 577 F.3d 394, 400 (2d Cir. 2009). "Typically, we will not find plain error where the operative legal question is unsettled." *Id.* (internal quotation marks omitted).

The Suspension Clause states: "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const. Art. I, § 9, cl. 2. Our Court has found that AEDPA's statute of limitations does not per se violate the Suspension Clause. *Weaver v. United States*, 195 F.3d 123, 124 (2d Cir. 1999); *see also Rodriguez v. Artuz,* 990 F. Supp. 275, 282–83 (S.D.N.Y. 1998) (holding that one-year limit placed on state court prisoners pursuant to § 2254 does not violate the Suspension Clause), *aff'd,* 161 F.3d 763, 764 (2d Cir. 1998) (per curiam) (affirming for "substantially the reasons stated by the district court").

In *Weaver*, we noted that in some cases the one-year limitations period may be an unreasonable barrier and raise a Suspension Clause concern. 195 F.3d at 125. Bryant, however, cites no authority for the proposition that the one-year limitations period is an unreasonable barrier in this case and we are aware of none. We are thus precluded from ruling in his favor because we cannot find plain error. *See Gamez*, 577 F.3d at 400 ("Typically, we will not find plain error where the operative legal question is unsettled." (internal quotation marks omitted)). We have considered Bryant's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court