United States v. Murphy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                    21-1750

Anthony Murphy,
> *Defendant-Appellant.*\*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Maurice J. Verrillo, Law Offices of Maurice J. Verrillo, P.C., Rochester, NY. |
| FOR APPELLEE: | Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2003, a jury found Anthony Murphy guilty of drug conspiracy, Hobbs Act conspiracy, and firearms offenses. The district court sentenced Murphy to life imprisonment plus 55 years. We affirmed Murphy's convictions and sentence on direct appeal. *See United States v. Bliss*, 188 F. App'x 13 (2d Cir. 2006). Murphy proceeded to file several motions under 28 U.S.C. § 2255. The last of these petitions argued that Murphy's conviction for possession of a firearm in connection with the conspiracy to commit Hobbs Act robbery must be vacated after *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court denied the motion as untimely, but the government conceded that the former conviction should be vacated and requested a full resentencing. The district court proceeded to resentence Murphy to life imprisonment plus 15 years. Murphy now appeals, arguing that the district court miscalculated the applicable United States Sentencing Guidelines range and that his sentence was substantively unreasonable. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

First, the district court correctly determined the applicable Guidelines range because Lamont Gordon's murder was "relevant conduct" for Murphy's drug-conspiracy conviction. The district court found that Murphy and his co-conspirators murdered Gordon in the course of the drug conspiracy by luring Gordon, a past customer, with the prospect of a drug transaction, then

strangling him and taking the money with which he planned to purchase the drugs. In calculating the Guidelines base offense level for Murphy's drug-conspiracy conviction, the district court applied U.S.S.G. § 2D1.1(d)(1), which directs district courts to "apply § 2A1.1 (First Degree Murder)" when "a victim was killed under circumstances that would constitute [first-degree] murder under 18 U.S.C. § 1111." U.S.S.G. § 2A1.1(a) sets the base offense level for first-degree murder as 43.

Murphy objects to the calculation, arguing that § 2D1.1(d)(1) does not apply because Gordon's murder was not relevant conduct for the drug conspiracy conviction. Instead, he argues that "[t]his alleged conduct was separate from the drug conspiracy count" because "there were no drugs present at the" crime scene. Appellant's Br. at 16. Relevant conduct includes "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1). "[F]or a district court's application of the Guidelines to the specific facts of a case, we follow an either/or approach, adopting a de novo standard of review when the district court's application determination was primarily legal in nature, and adopting a 'clear error' approach when the determination was primarily factual." *United States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023) (internal quotation marks omitted and alterations adopted). Under either standard, we affirm the district court's holding that Gordon's murder was relevant to Murphy's drug conspiracy. Murphy does not contest that Gordon was a customer of the cocaine conspiracy, was lured to the crime scene by the cocaine conspiracy with the prospect of a cocaine purchase, and was murdered by Murphy and his co-conspirators. *Cf. United States v. Plaza*, 752 F. App'x 37, 41-42, 46 (2d Cir. 2018) (holding that a shooting was

3

relevant conduct to a drug conspiracy when the shooting was planned and executed by members of the conspiracy and the intended victim had previous disputes with the conspiracy).

Second, Murphy argues that his sentence was substantively unreasonable because the district court imposed life imprisonment without sufficiently considering Murphy's rehabilitation while incarcerated. We review substantive reasonableness with a "particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc). Thus, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of the circumstances." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal citation and quotation marks omitted). Here, the district court did not abuse its discretion by imposing a life sentence for "egregiously serious [conduct] involving serious physical injury and death to others" in addition to "large scale drug dealing." App'x at 211.

We have considered all of Murphy's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4