**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1565

JOSÉ A. MUÑIZ-OLIVARI; CONJUGAL PARTNERSHIP MUÑIZ-DURÁN,

Plaintiffs,

ANNABELLE DURÁN-LÓPEZ,

Plaintiff, Appellant,

v.

STIEFEL LABORATORIES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Thompson, Circuit Judges.

Rubén T. Nigaglioni and Nigaglioni & Ferraiuoli Law Offices P.S.C. on brief for appellant.
Arturo Díaz-Anqueira and Cancio, Nadal, Rivera & Díaz, P.S.C., on brief for appellee.

September 27, 2011

LYNCH, **Chief Judge**. In 2005, a jury found that José Muñiz-Olivari had been promised continued employment by Stiefel Laboratories, Inc., and that Stiefel was in breach of that promise. Under Puerto Rico law, a breach of contract may give rise to both a contract claim under Article 1054 of the Civil Code, P.R. Laws Ann. tit. 31, § 3018, and a corollary tort claim under Article 1802, id. § 5141, so the jury was instructed on both. The jury awarded Muñiz-Olivari about $600,000 for back pay, front pay, and benefits. It also awarded $100,000 each to Muñiz-Olivari and his wife, Annabelle Durán-López, for mental pain and suffering. On appeal, this court affirmed the finding of liability. Muñiz-Olivari v. Stiefel Labs., Inc., 496 F.3d 29 (1st Cir. 2007).

The present case involves the question whether Durán-López is entitled to the $100,000 award for mental pain and suffering.

Our previous opinion in this case affirmed the $600,000 contract damages award. As to the two $100,000 awards for mental pain and suffering, it appeared from the district court's reasoning to be a novel issue under Puerto Rico law whether damages for mental pain and suffering were available "for breach of an employment contract in an ordinary civil case that involved no

claim of violation of anti-discrimination laws or civil rights laws."[1]  Id. at 39.

Because we considered that to be a policy issue best resolved by the Supreme Court of Puerto Rico, we instructed the district court to certify appropriate questions to that court.  Id. at 39-40.  We also ordered that, if the Supreme Court concluded pain and suffering damages were available to either or both plaintiffs, the district court enter an additional judgment for such damages as awarded by the jury, with interest.  Id. at 41.

The questions certified, after commentary from the parties, were:

> 1. Whether pain and suffering damages are available to a party to a contract in a civil action for breach of contract which does not involve any separate tort allegations; and

> 2. Whether pain and suffering damages are available to a non-party to a contract who is directly affected by a breach of contract in a civil action for breach of contract which does not involve any separate tort allegation.

Muñiz-Olivari v. Stiefel Labs., Inc., Civ. No. 03-02076 (JP), 2010 WL 891325, at *2 (D.P.R. Mar. 8, 2010).  The Supreme Court of Puerto Rico answered the questions in Muñiz-Olivari v. Stiefel Laboratories, Inc., 174 P.R. Dec. 813 (P.R. 2008).[2]

---

[1]  Plaintiffs' claims for damages under Puerto Rico's anti-discrimination statute, "Law 100," P.R. Laws Ann. tit. 29, §§ 146-151, were dismissed by the district court before trial.

[2]  A certified translation of the Puerto Rico Supreme Court's opinion was filed in the district court docket for this case.

As to the first question, the Supreme Court of Puerto Rico held that "in an action for breach of contract, indemnity for suffering and mental anguish is proper, as long as they could have been foreseen at the time the obligation was entered into and are a necessary consequence of the breach."

As to the second question, the Supreme Court held that "a third party that is an outsider in a contractual relationship has no standing to demand -- under article 1054 -- compensation for damages suffered as a result of a breach in the contractual obligation." However, the Supreme Court added: "Now then, there is nothing to prevent that third party, who is an outsider in the contractual relationship from which the damages claim arises, from claiming compensation for his own damages pursuant to article 1802 of the Civil Code."

Based on the Supreme Court's conclusion that a contracting party could recover foreseeable damages for pain and suffering on a breach of contract action, Stiefel paid Muñiz-Olivari his $100,000 mental pain and suffering award, plus interest. However, Stiefel refused to pay Durán-López her damages award for mental pain and suffering. Plaintiffs filed a motion requesting the district court to order Stiefel to pay the judgment,

Certified English Translation of the Opinion and Sentence from The Supreme Court of Puerto Rico, <u>Muñiz-Olivari</u> v. <u>Stiefel Labs., Inc.</u>, Civ. No. 03-02076 (JP), 2010 WL 891325 (D.P.R. Mar. 8, 2010), ECF No. 126.

which the district court denied.  Muñiz-Olivari, 2010 WL 891325. Durán-López appeals that decision.

The answer of the Supreme Court made it clear that while a person who is not a party to a contract may not claim damages for mental pain and suffering caused by a breach of that contract pursuant to Article 1054 of the Civil Code, such a non-party may obtain pain and suffering damages when conduct said to constitute a breach of contract also constitutes a tort as to that non-party under Article 1802.  Article 1802 is a tort law that has been broadly interpreted by the Puerto Rico Supreme Court.

Article 1802 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."  P.R. Laws Ann. tit. 31, § 5141.  A plaintiff must prove three elements to support a claim for damages under Article 1802: "first, proof of the reality of the damage suffered; second, a causal relation between the damage and the action or omission of another person; and third, said act or omission is negligent or wrongful."  Santini Rivera v. Serv Air, Inc., 137 P.R. Dec. 1, 1994 P.R.-Eng. 909,527 (P.R. 1994).

Under Puerto Rico law, "[d]amage is any material or moral loss suffered by a person, either in its natural rights or in its property or patrimony, brought about by violation of a legal provision and which is chargeable on another party." Garciá Pagán v. Shiley Caribbean, 22 P.R. Offic. Trans. 183, 196 (P.R. 1988).

Pain and suffering damages are available under Puerto Rico law not only to the direct victim of tortious conduct, but also to his or her family. The Puerto Rico Supreme Court has "repeatedly recognized that a person is entitled to compensation for the sufferings, emotional distress or mental anguish experienced as a consequence of the material or other damages caused directly to their relatives." Santini Rivera, 137 P.R. Dec. 1, 1994 P.R.-Eng. 909,527.

Given the Supreme Court's answers to the certified questions and that court's case law on the availability of pain and suffering damages in Article 1802 actions, the $100,000 award to Durán-López for mental pain and suffering was recoverable under Article 1802 if that claim was adequately presented and preserved.

Stiefel says it was not. Stiefel asserts that Durán-López's argument that she was entitled to damages for mental pain and suffering on a tort theory had been waived before the district court and this court. We disagree.

The record shows that an Article 1802 tort claim for pain and suffering damages was presented to the jury and had been pled in the complaint. The district court instructed the jury on negligence. Specifically, the court instructed the jury that "[u]nder Article 1802 of the Puerto Rico Civil Code, a person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done."

-6-

Importantly, the district court explicitly connected the availability of damages for mental pain and suffering to a finding of negligence. The court instructed the jury, "[Y]ou can award damages for emotional pain, suffering and mental anguish already suffered or to be suffered in the future if you find that this will cause or aggravate it or will be cause[d] or aggravated in the future by the Defendant's negligence." Stiefel does not argue that the instructions on negligence or damages were erroneous.

Stiefel's arguments that Durán-López has waived the claim are based on mischaracterizations of the record and a misreading of both this court's prior opinion[3] and of the helpful response of the Puerto Rico Supreme Court.

Accordingly, we reverse and direct entry of judgment for Durán-López in the sum of $100,000 plus interest. Costs are awarded to the appellant.

---

[3] Our prior opinion did not rule that no Article 1802 claim had been presented by Durán-López.