11-4828
*Darby v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

Present:
        AMALYA L. KEARSE,
        ROBERT A. KATZMANN,
                *Circuit Judges.*[*]

_____

WILLIAM DARBY,

        *Petitioner-Appellant*,

                v.                                              No. 11-4828

UNITED STATES OF AMERICA,

        *Appellee.*

_____

For Petitioner-Appellant:        RANDOLPH Z. VOLKELL, Merrick, N.Y.

For Appellee:        ADAM FEE, Assistant United States Attorney (Justin S. Weddle, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] Judge Raymond J. Lohier, Jr., originally assigned to this panel, recused himself from this case. The remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court be and hereby is **AFFIRMED.**

Petitioner-Appellant William Darby appeals the August 31, 2011, judgment of the Southern District of New York (Batts, *J.*) denying the petitioner's *pro se* motion to vacate or reduce his sentence under 28 U.S.C. § 2255. In 2003, Darby pled guilty to a single count of distribution of and possession with intent to distribute approximately 180 grams of crack cocaine and was sentenced to 262 months of imprisonment. In his plea agreement, Darby stipulated that he was subject to a "career offender" sentencing enhancement under § 4B1.1(a) of the Sentencing Guidelines in part because he had previously been convicted of two other "controlled substance offenses" as defined by the Guidelines. One of those prior offenses was a 1993 conviction for "conspiracy to traffic cocaine" in North Carolina. Although Darby reserved the right to seek an adjusted Guidelines range at sentencing if he found that the range had been improperly determined, he explicitly agreed that he would not appeal or collaterally attack under § 2255 "any sentence within or below" the stipulated Guidelines range of 262 to 327 months. Darby filed a direct appeal, but his counsel submitted a "no-merits" brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government moved for "[d]ismissal of the appeal, because it was waived in a plea agreement; or, in the alternative, summary affirmance." We granted the motion.

On June 27, 2011, over four years after his conviction became final, Darby filed a *pro se* motion under § 2255 challenging his sentence on the grounds that his 1993 North Carolina conviction was not a "controlled substance offense" for purposes of the career offender

2

enhancement. The district court, however, dismissed Darby's motion as untimely under §

2255(f). On appeal, Darby contends that the court should have excused his untimely motion

because he received ineffective assistance of counsel and was actually innocent of the career

offender enhancement. The government disagrees and, additionally, asserts that Darby's waiver

of appeal and collateral attack rights as part of his plea agreement precludes his § 2255 motion.

We presume the parties' familiarity with the other underlying facts and procedural history of this

case, as well as with the issues on appeal.

Assuming, *arguendo,* that we could excuse Darby's waiver of collateral attack rights, we

agree with the district court that his § 2255 motion must be dismissed as untimely. Darby first

contends that we should consider his untimely motion because he is "actually innocent" of the

career offender sentencing enhancement. The Supreme Court has made clear that the actual

innocence exception is "very narrow" and "is concerned with actual as compared to legal

innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339, 341 (1992). The exception, therefore, does

not apply where the petitioner "merely makes [a] legal argument." *Poindexter v. Nash*, 333 F.3d

372, 382 (2d Cir. 2003). Despite this established principle, Darby makes an essentially legal

argument that he is innocent of the sentencing enhancement because the district court

misclassified his predicate offenses under the Guidelines. This argument is insufficient to

trigger the actual innocence exception.

Darby's argument that our decision in *Spence v. Superintendent*, 219 F.3d 162, 171 (2d

Cir. 2000), compels a contrary conclusion is without merit. In *Spence*, the defendant was given

an enhanced sentence because he had been arrested for a crime during a probationary period;

however, it was eventually discovered that the defendant did not actually commit the offense that

3

triggered the enhancement. *Id.* Under these limited circumstances, we found that the defendant had a valid claim that he was actually innocent of the enhanced sentence, but we by no means suggested that the actual innocence exception applies where, as here, the defendant was indisputably guilty of the predicate offenses that led to his enhancement. Darby cannot rely on his claim of "legal innocence," *Sawyer*, 505 U.S. at 339, to excuse his untimely motion.

Similarly, we do not agree with Darby that his untimely motion can be excused by ineffective assistance of counsel. Darby must prove (1) that his "counsel's performance [during the earlier proceedings] was objectively deficient" and (2) that the defendant was "actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 692–93 (1984)). We judge his counsel's conduct based on the state of the law and circumstances at the time of the earlier proceedings and must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011)). The counsel's errors must be "so serious that [he] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687 (internal quotation marks omitted).

Darby argues that his trial counsel should have known at the time of plea negotiations that the 1993 North Carolina conviction for conspiracy to traffic cocaine by transportation was not a "controlled substance offense" under the Guidelines and, hence, not a legitimate predicate offense for purposes of the career offender enhancement. He contends that treating this 1993 conviction as a predicate offense obviously violated the Supreme Court's "modified categorical approach" to evaluating the applicability of sentencing enhancements because the North

4

Carolina statute criminalizes conduct—such as the transportation of drugs or the mere possession of drugs without intent to distribute—that is not included in the Guidelines' definition of "controlled substance offense."

We express no opinion concerning whether Darby's proposed application of the modified categorical approach is correct on the merits. However, even assuming that Darby is correct, we are not convinced that such a conclusion would have been so obvious at the time as to render his counsel's failure to raise this argument objectively and constitutionally deficient. At the time of sentencing, the Second Circuit had not squarely addressed the precise fact pattern at issue in this case, *i.e.*, whether an intent-to-distribute element can be inferred from the structure of a statute under the categorical approach, and the most analogous case from any of our sister circuits had concluded that an intent element could be inferred from a substantially similar statute. *United States v. Madera-Madera*, 333 F.3d 1228 (11th Cir. 2003).[1] The contemporaneous decisions that reached a different outcome all involved different statutory schemes or clearly distinguishable rationales. *See United States v. Montanez*, 442 F.3d 485, 493 (6th Cir. 2006) (involving a statutory scheme that explicitly separated the relevant offenses for simple possession and possession with intent to distribute, so a conviction for the former could not imply a conviction for the latter); *United States v. Herrera-Roldan*, 414 F.3d 1238, 1242-43 (10th Cir. 2005) (explicitly distinguishing *Madera-Madera* because of the different statutory scheme); *United States v. Brandon*, 247 F.3d 186, 196-97 (4th Cir. 2001) (premising the decision in part on the fact that the relatively small amount of drugs possessed by the defendant (35 grams) was

---

[1] It is worth noting that none of the primary cases relied on by the parties, including *Madera-Madera*, had been decided at the time that Darby entered his plea.

5

consistent with personal use).[2]  Under these circumstances, we cannot conclude that his

counsel's conduct in failing to raise this argument and, instead, employing other strategies to

minimize his client's sentence falls outside "the wide range of reasonable professional

assistance."[3] *Harrington*, 689 F.3d at 129 (internal quotation marks omitted).

We have considered Darby's remaining arguments for excusing his untimely motion and

find them to be without merit.  Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2]  Darby also contends that his counsel should have known that a conviction for trafficking of cocaine by transportation could not be a predicate offense—even if an intent element could be inferred from the statute—because the illegal *transportation* of drugs is not included in the Guidelines' definition of a "controlled substance offense."  However, we do not think that Darby's counsel was constitutionally deficient merely because he relied on the common-sense proposition that one could not transport drugs without possessing them.

[3]  While we recognize that a Ninth Circuit decision supporting Darby's argument had been issued by the time of his direct appeal, *see United States v. Villa-Lara*, 451 F.3d 963 (9th Cir. 2006), Darby's representation on direct appeal was also not constitutionally deficient given that Darby would have had to demonstrate plain error—a tall order given the highly uncertain state of the case law at the time—and successfully argue that his appeal waiver should have been excused.