Regardless of where one stands on the merits of how far Johnson extends, this case presents an important question of federal law that has divided the courts of appeals and in theory could determine the liberty of over 1,000 people.[4] That sounds like the kind of case we ought to hear. See this Court's Rules 10(a), (c).[5] Because the Court nevertheless declines to do so, I respectfully dissent.

See Brief for Eight Federal Public Defender Offices as Amici Curiae in No. 16-7056 (CA4), pp. 1a-5a (estimating 1,187 cases pending nationwide).

Rule 10 sets forth situations that can weigh in favor of certiorari, although they are "neither controlling nor fully measuring the Court's discretion." Rule 10(a) points to a situation in which "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." Rule 10(c) points to a situation in which "a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court."