NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 22A0416N.06

Case No. 20-6049

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOHN JOSE WATFORD,

*Petitioner-Appellant,*

v.

J. RAY ORMOND, Warden,

*Respondent-Appellee.*

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 19, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
KENTUCKY

OPINION

Before: BATCHELDER, BUSH, and DAVIS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal, which follows a remand for the district court to decide this issue, John Jose Watford challenges the resulting determination that his prior conviction for burglary of a dwelling under Florida Statute § 810.02(3) (eff. 1990) was a "crime of violence" under U.S.S.G. § 4B1.2(a)(2) (eff. Nov. 1, 1997). Finding that it was, we affirm.

**I.**

In 1997, Watford and an accomplice committed a series of armed bank robberies in Indiana. When they were caught, the accomplice confessed, pled guilty, and testified against Watford. A federal jury in Indiana convicted Watford on three counts of assault with a deadly weapon during the commission of a bank robbery, 18 U.S.C. § 2113(d), and three counts of carrying and using a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c). At sentencing, the district court applied the Guidelines' career-offender enhancement, U.S.S.G. § 4B1.1(a), because Watford had two prior convictions for "crimes of violence" under § 4B1.2(a): one in Florida in 1990 for burglary of a dwelling and one in Pennsylvania in 1994 for aggravated assault. This

increased Watford's offense level from 25 to 34, which in turn increased his then-mandatory sentencing range by 152 to 190 months (about 13 to 16 years) in prison.[1] The district court sentenced Watford to 802 months in prison. Watford appealed his conviction, but not his sentence, and the Seventh Circuit affirmed. *United States v. Watford*, 165 F.3d 34, 1998 WL 743924 (7th Cir. 1998) (table).

Since then, Watford has filed numerous motions, petitions, and requests for various forms of relief from his conviction and sentence, without success. This appeal stems from his November 2017 petition, pursuant to 28 U.S.C. § 2241, in which he claimed that his 1990 Florida conviction for burglary of a dwelling no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a), based on *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). The district court denied the petition, holding that Watford had not made any claim that was actually based on *Mathis* or *Descamps* (i.e., a claim that the sentencing court had incorrectly treated the Florida statute as divisible); that *Mathis* and *Descamps* do not address § 4B1.2(a); and that *Mathis* and *Descamps*, which did not involve any statutory interpretation, are not retroactively applicable to cases on collateral review, as is required for a § 2241 petition that challenges the validity of a pre-*Booker* sentence. *Watford v. Ormond*, No. 17-cv-322, 2018 WL 1434818, at *2-3 (E.D. Ky., Mar. 22, 2018) (vacated) (relying on *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016)). The court did not consider whether Watford's 1990 Florida burglary conviction satisfied § 4B1.2(a).

---

[1] Under the 1997 Sentencing Guidelines, a criminal history category of VI combined with an offense level of 25 yielded 110 to 137 months in prison, whereas an offense level of 34 yielded 262 to 327 months (i.e., a difference of 152 to 190 months). Also, at that time, § 924(c)(1) imposed a mandatory additional (consecutive) 60-month prison term for a first § 924(c) conviction and an additional 240-month prison term for each subsequent § 924(c) conviction (here, 540 total). The result was a mandatory sentencing range of 802 to 867 months (about 63 to 72 years) in prison.

On appeal, the panel granted the Warden's motion to vacate the district court's judgment and remand for a determination of "whether Watford can demonstrate that his prior convictions no longer qualify as crimes of violence" after *Descamps* and *Mathis*. *Watford v. Ormond*, No. 18-5328, 2019 WL 4780931, at *1 (6th Cir., July 15, 2019). The panel further ordered that "[t]he district court's consideration on remand will be limited to Watford's 1990 Florida conviction for burglary of a dwelling and his 1994 Pennsylvania conviction for aggravated assault." *Id.*[2]

On remand, the district court determined that Watford's 1990 conviction for burglary of a dwelling, in violation of Florida Statute § 810.02(3), is a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) (eff. Nov. 1, 1997), based on precedent from this circuit and others.[3] *Watford v. Ormond*, No. 17-cv-322, 2020 WL 5118037, at *10 (E.D. Ky., Aug. 30, 2020) (citing *United States v. Matchett*, 802 F.3d 1185, 1196-97 (11th Cir. 2015) (holding that § 810.02(3), the burglary of an unoccupied dwelling, is "a crime of violence under the residual clause of the career-offender guideline because it 'involves conduct that presents a serious potential risk of physical injury to another'" (quoting § 4B1.2(a)(2))); *United States v. Ramirez*, 708 F.3d 295, 305-07 (1st Cir. 2013) ("In sum, we find that burglary of a dwelling under Florida law is similar in kind and in risk to the enumerated burglary of a dwelling offense to qualify as a crime of violence under the Guidelines' residual clause."); and *United States v. Phillips*, 752 F.3d 1047, 1049-51 (6th Cir. 2014) ("[W]e hold that a conviction for third-degree burglary of a structure

---

[2] On remand, the district court determined that Watford had abandoned his challenge to his Pennsylvania aggravated-assault conviction. *Watford v. Ormond*, No. 17-cv-322, 2020 WL 5118037, at *13 n.18 (E.D. Ky., Aug. 30, 2020). And in this appeal, Watford has expressly waived that issue. Apt. Br. at 15 n.4.

[3] The district court acknowledged that the panel's remand order "merely direct[ed] [it] to make the substantive determination [of] whether Watford's prior convictions [we]re for 'crimes of violence,' something it c[ould] do independently of the procedural issue," *Watford*, 2020 WL 5118037 at *4, but nonetheless analyzed the procedural issues at length and concluded, for the same reasons as it had before, that Watford's claims were not cognizable under § 2241. *Id.* at *4-10. In resolving this appeal, we need not and do not address this aspect of the district court's opinion.

in Florida is a 'violent felony' within the meaning of the ACCA's residual clause."). The court denied Watford's petition. *Id.* at \*15.

**II.**

When the district court denies a habeas corpus petition filed under 28 U.S.C. § 2241, our review is de novo. *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020). And when the district court concludes that a crime qualifies as a predicate offense for the career-offender designation under the Guidelines, our review is also de novo. *Chambers v. United States*, 763 F. App'x 514, 517 (6th Cir. 2019) (citing *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009)).

In 1998, when the district court sentenced Watford for the bank robberies, the then-applicable Guidelines' residual clause established a "crime of violence" as an offense "punishable by imprisonment for a term exceeding one year" that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (eff. Nov. 1, 1997). Watford's 1990 conviction in Florida was for the burglary of a dwelling, in violation of Florida Statute § 810.02(3), a second-degree felony. And the burglary of a dwelling inherently "involves conduct that presents a serious potential risk of physical injury to another." *See James v. United States*, 550 U.S. 192, 203 (2007) (overruled on other grounds) (explaining that a clear "risk of injury arises . . . from the possibility that some innocent party may appear on the scene while the break-in is occurring[,] [though] [t]his is just as likely to happen before the defendant succeeds in breaking in as after." (quotation marks and citation omitted)); *Phillips*, 752 F.3d at 1051 (same).

Therefore, Watford's 1990 conviction for burglary of a dwelling, in violation of Florida Statute § 810.02(3), was a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) (eff. Nov. 1, 1997). The sentencing court was correct to apply the career-offender enhancement, § 4B1.1(a), and the district court here was correct to deny Watford's 28 U.S.C. § 2241 petition.

In this appeal, Watford filed a pro se brief in which he did not address the residual clause at all. But we also appointed him an attorney, who raised two very different arguments against the application of the residual clause, one in the opening brief and the other in the reply brief.

In the new opening brief, Watford effectively concedes that his 1990 Florida burglary conviction was a crime of violence under the residual clause in that he neither asserts that it was not nor challenges the district court's conclusion that it was. Nor does he claim that the residual clause does not apply. Instead, he argues only that we should judicially estop the Warden from relying on the residual clause because the U.S. Attorney previously argued that Watford's 1990 Florida burglary conviction was a crime of violence under the enumerated-offense clause rather than the residual clause of U.S.S.G. § 4B1.2(a) (eff. Nov. 1, 1997). The U.S. Attorney did so in 2015 in Watford's § 2255 proceeding before the Seventh Circuit.

In this case, Watford's prior attorney pressed a similar attack before the district court, claiming that "the United States made a 'judicially binding admission' that [Watford's] burglary conviction was an enumerated offense." *Watford*, 2020 WL 5118037 at *12. But, as the district court properly observed, this was factually incorrect: the U.S. Attorney had "stated only what [he] believed to be the Indiana trial judge's basis"; he "did not assert that [the government's] *own* legal position was that the enumerated offense clause was the one and only provision under which Watford's burglary conviction could qualify." *Id*. at *12-13 ("[T]he United States at most asserted that Watford's predicate offense qualified as an enumerated offense, not that it did not or could not qualify under the residual clause.").

The district court also pointed out that this is an entirely new case from Watford's § 2255 case in the Seventh Circuit. Judicial admissions are not binding in a different proceeding from the one in which they were made. *See Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship*, 441 F. App'x

310, 312, 315 (6th Cir. 2011). The Warden was not a party to Watford's § 2255 motion in the Seventh Circuit, so he is not bound by the U.S. Attorney's arguments in that case. *See MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997).

Finally, and perhaps most importantly, the proposition at issue—that Watford's 1990 Florida burglary was not a crime of violence under the Guidelines' residual clause—is a legal determination, not a disputable fact or a choice between alternative pleading strategies. While parties certainly inform courts on the law, they do not decide the law; courts decide the law. *See Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). And courts do not knowingly and willingly misstate or misapply the law based on parties' arguments, stipulations, or waivers. Thus, we reject Watford's attorney's judicial-estoppel (i.e., judicially binding admission) argument.

Alternatively, in his reply brief, Watford newly raises a new argument: that the Seventh Circuit has held § 4B1.2(a)(2)'s residual clause invalid for sentences imposed when the Guidelines were still mandatory, *Cross v. United States*, 892 F.3d 288, 299-306 (7th Cir. 2018); Watford was sentenced in the Seventh Circuit when the Guidelines were still mandatory; therefore, Watford's conviction cannot qualify as a crime of violence under an invalid residual clause.

This is certainly a beguiling argument. And because Watford has raised it for the first time at this late stage in the process, we have before us no rebuttal from the Warden or the district court. That is, whether by happenstance or calculated design, Watford has given himself the first, last, and only word on this argument. That is why we generally do not consider arguments raised for the first time in a reply brief. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009) ("The

appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief." (editorial marks and citation omitted)).[4]

Regardless, in the Sixth Circuit, § 4B1.2(a)(2)'s residual clause *is valid* for sentences imposed under the mandatory Guidelines.[5] *Raybon v. United States*, 867 F.3d 625, 629-31 (6th Cir. 2017); *Jones v. United States*, 832 F. App'x 929, 932-33 (6th Cir. 2020). More to the point, the Supreme Court has never held § 4B1.2(a)(2)'s residual clause invalid for sentences imposed under the mandatory Guidelines. *See Brown v. United States*, 139 S. Ct. 14, 15-16 (2018) (denial of cert. petition) (Sotomayor, J., dissenting) ("But for petitioners [who were sentenced pursuant to § 4B1.2(a)(2)'s residual clause when the Guidelines were still mandatory], this Court has thus far left the validity of their sentences an open question. The Court's decision today all but ensures that the question will never be answered." (citation omitted)). And a § 2241 petitioner cannot state a cognizable claim based on a change in circuit court precedent; the petitioner "must identify a new Supreme Court decision to show that § 2255's remedy is inadequate or ineffective." *Hueso v. Barnhart*, 948 F.3d 324, 339 (6th Cir. 2020); *accord Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). Therefore, Watford cannot obtain § 2241 relief based on this argument.

**III.**

For the forgoing reasons, we AFFIRM the judgment of the district court.

---

[4] This argument also appears to have been forfeited three times over: in the prior appeal, in the district court on remand, and in the opening brief in this appeal. *See Owner-Operator Indep. Drivers Assoc., Inc. v. Comerica Bank*, 562 F. App'x 312, 326 (6th Cir. 2014) ("The failure to raise an appealable issue in a first appeal stops review in a second appeal."); *Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021) ("[A]n argument not raised before the district court is waived on appeal." (quotation marks omitted)); *Doe v. Michigan State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation marks omitted)).

[5] And in the Fourth, Tenth, and Eleventh Circuits—only the Seventh Circuit has held it invalid. *See Brown v. United States*, 139 S. Ct. 14, 15–16 (2018) (denial of cert. petition) (Sotomayor, J., dissenting).