PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2057
_____

JANE DOE I; JANE DOE II; JANE DOE III; FRIENDS
OF FARMWORKERS, Inc., d/b/a Justice at Work in its
capacity as Employee Representative

v.

EUGENE SCALIA, in his official capacity as United States
Secretary of Labor; OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION; UNITED STATES
DEPARTMENT OF LABOR


Jane Doe I; Jane Doe III; Friends of Farmworkers, Inc.,
d/b/a Justice at Work in its capacity as Employee
Representative.
Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-20-cv-01260
District Judge:  The Honorable Malachy E. Mannion
_____

Argued September 7, 2022

Before: JORDAN, HARDIMAN, and SMITH, *Circuit Judges*

(Filed: January 31, 2023)

Samuel H. Datlof
Justice at Work
990 Spring Garden Street
Suite 300
Philadelphia, PA 19123

Karla Gilbride
David S. Muraskin [ARGUED]
Public Justice
1620 L Street, N.W.
Suite 630
Washington, DC 20036

Lerae Kroon
Justice at Work
5907 Penn Avenue
Suite 320
Pittsburgh, PA 15206

David H. Seligman
Towards Justice
2840 Fairfax Street
Suite 220

2

Denver, CO 80207
        *Counsel for Appellants*

Amy S. Tryon [ARGUED]
United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Suite N-2119
Washington, DC 20210
        *Counsel for Appellees*

Sarah R. Schalman-Bergen
Litchten & Liss-Riordan
729 Boylston Street
Suite 2000
Boston, MA 02116
        *Counsel for Amicus Appellants*

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

Before us is the appeal by Jane Doe I et al. ("Plaintiffs") from an order of the United States District Court for the Middle District of Pennsylvania dismissing Plaintiffs' claims. The crux of this case concerns the extent to which Section 13(d) of

3

the Occupational Safety and Health Act of 1970 ("OSH Act"),[1] 29 U.S.C. § 662(d) gives employees a private right of action to remediate dangers in the workplace—specifically, whether an employee may maintain an action against the Secretary of Labor seeking relief for dangerous working conditions after the Department of Labor has completed enforcement proceedings. That question is a matter of first impression for this Court, and for our sister courts of appeals. For the reasons set forth below, we hold that the OSH Act mandates the dismissal of a § 662(d) claim once the Department has completed its enforcement proceedings. We will affirm the District Court's dismissal of Plaintiffs' claims.

## I.    BACKGROUND

We begin with an overview of the OSH Act, some command of which is necessary to understand this case and the parties' respective positions. From there, we will outline the factual and procedural background before turning to the merits of this dispute.

### A. Overview of the OSH Act

In the OSH Act of 1970, Congress created the Occupational Safety and Health Administration ("OSHA" or "the Agency") to develop and enforce workplace safety standards. In general, OSHA, rather than private litigants, is responsible for assuring workplace safety. In furtherance of

---

[1] 29 U.S.C. § 651 *et seq*.

that objective, the OSH Act funnels safety grievances through OSHA's administrative processes.

### 1. 29 U.S.C. §§ 657–660

Section 657 establishes OSHA's inspection authority and allows employees who suspect workplace safety violations to "request an inspection [by OSHA] by giving notice to the Secretary . . . of such violation or danger." 29 U.S.C. 657(a), (f)(1). However, § 657 gives OSHA the final determination as to whether "there are no reasonable grounds to believe that a violation or danger exists." *Id.* § 657(f)(1).

Section 658 authorizes OSHA to issue "citations" for any violations of the OSH Act or OSHA's regulations which are discovered during an inspection. However, OSHA may issue such a citation only "within six months following the occurrence of any violation." *Id.* § 658(c).

Section 659 outlines OSHA's standard "enforcement procedures," under which *employers* may contest an OSHA citation issued pursuant to § 658 but employees may contest only the "period of time fixed in the citation for the abatement of a violation." *Id.* § 659(c). When an employer or an employee initiates a challenge under § 659(c), OSHA is charged with resolving the dispute through its administrative processes. *Id.*

Section 660 authorizes judicial review of OSHA's orders issued under § 659(c). *Id.* § 660. The scope of judicial review under § 660 is narrow: a reviewing circuit court must defer to OSHA's well-supported factual findings and generally may not entertain novel arguments that a party did not raise during OSHA's administrative proceeding. *Id.* § 660(a).

## 2. 29 U.S.C. § 662

In addition to the OSH Act's standard enforcement procedures, Congress also provided expedited mechanisms in § 662 for remedying workplace hazards requiring immediate attention. The expedited mechanisms provide that the Secretary may seek injunctive relief against an employer and an employee may seek a writ of mandamus against the Secretary to address "imminent danger[s]" in the workplace. *Id.* § 662(a), (d).

Section 662(a) gives U.S. district courts "jurisdiction, upon petition of the Secretary, to restrain any . . . [workplace hazards] which could reasonably be expected to cause death or serious physical harm immediately or before the imminence of such danger can be eliminated through the enforcement procedures otherwise provided by this chapter." *Id.* § 662(a). Section 662(b), in turn, gives the district courts "jurisdiction to grant such injunctive relief or temporary restraining order *pending the outcome of an enforcement proceeding pursuant to this chapter*." *Id.* § 662(b) (emphasis added).

Finally, should OSHA "arbitrarily or capriciously fail[] to seek relief under this section," § 662(d) authorizes a limited private right of action. *Id.* § 662(d). Specifically, § 662(d) provides employees the right to "bring an action against the Secretary . . . for a writ of mandamus to compel the Secretary to seek such an order [under § 662(a)] and for such further relief as may be appropriate." *Id.* § 662(d).

### B. Factual Background

Plaintiffs are employees at the Maid-Rite Specialty Foods ("Maid-Rite") meatpacking plant (the "Plant") located in Dunmore, Pennsylvania.[2] They seek to employ the OSH Act's limited private right of action under § 662(d), contending that OSHA failed to remedy inadequate COVID-19 mitigation measures at the Plant.

The Plant's workers were exposed to COVID-19 for the first time in early 2020. As the virus spread, Plaintiffs became concerned that Maid-Rite had taken inadequate COVID-19 prevention measures. While Maid-Rite had implemented some preventative measures such as issuing masks and face shields, Plaintiffs believed Maid-Rite was not doing enough to assure worker safety. For example, Plaintiffs alleged that despite the threat of COVID-19, "Maid-Rite . . . forced workers to work shoulder-to-shoulder on its production line." J.A. 77.

### C. OSHA Investigation

Pressing their concerns, Plaintiffs sent an inspection request to OSHA on May 19, 2020.[3] In that request, Plaintiffs asked for "an investigation under 29 U.S.C. § 657(f) because the [] conditions and practices [at the Plant] pose[d] an imminent danger" to employees working there. J.A. 147.

---

[2] Plaintiffs also include Friends of Farmworkers, Inc. (d/b/a Justice at Work) as an employee representative.
[3] Plaintiffs styled their inspection request as an "imminent danger complaint." J.A. 147.

Two days later, OSHA notified Maid-Rite of Plaintiffs' inspection request and asked for a response within a week. OSHA also notified Plaintiffs that the Agency would treat Plaintiffs' inspection request as "non-formal," which meant that the initial handling of Plaintiffs' inspection request would proceed through document exchange. J.A. 143 ¶ 8. OSHA advised Plaintiffs to notify the Agency if by May 28, 2020 Maid-Rite had not corrected its COVID-19 prevention measures.

Plaintiffs followed up with a letter to OSHA dated May 27, 2020. In that letter, Plaintiffs asserted that Maid-Rite workers continued to face an imminent danger of COVID-19 spread and expressed concern that OSHA had not addressed that danger beyond confirming receipt of Plaintiffs' inspection request. Plaintiffs also contacted the Agency on June 2, 2020, requesting Maid-Rite's response to OSHA's outreach and reasserting that conditions had not changed since Plaintiffs sent their May 19 inspection request.

Plaintiffs sent yet another letter to OSHA on June 29th, expressing dissatisfaction with how it was handling Plaintiffs' inspection request. Plaintiffs again asserted that "Maid-Rite has made no changes in the [Plant]." J.A. 166.

On July 8, 2020, OSHA informed Maid-Rite that OSHA would be inspecting the Plant the following day. In a hearing before the District Court on July 31, 2020, OSHA acknowledged that advance notice of an inspection "was not a typical practice," J.A. 222, but that the need "to protect [OSHA's] employees" from COVID-19 necessitated such notice. J.A. 223. In Plaintiffs' view, the lack of a surprise

8

element "allow[ed] Maid-Rite to direct its employees to change their conduct and create[d] the appearance [that] the [Plant] was closer in line with the OSHA and CDC [COVID-19 mitigation] guidance." Doe App. Br. pp. 20–21.

After completion of the inspection, OSHA determined that conditions at the Plant did not constitute an imminent danger. For that reason, OSHA did not seek expedited relief pursuant to § 662. Yet, the Agency's investigation of the Plant under § 657(a), as part of OSHA's standard enforcement proceedings, remained an ongoing matter.

## D. Procedural History

On July 22, 2020, Plaintiffs filed a Complaint and Emergency Petition for Emergency Mandamus Relief ("Complaint") in the U.S. District Court for the Middle District of Pennsylvania against the Secretary and OSHA. Plaintiffs sought relief under § 662(d) and alleged that OSHA was failing to take action to address what were insufficient COVID-19 prevention measures at the Plant. On July 28, 2020, OSHA moved to dismiss the Complaint, asserting that employee-initiated relief under § 662(d) is proper only when the Secretary of Labor arbitrarily and capriciously declines to take legal action upon the recommendation of an OSHA inspector.

While OSHA's motion to dismiss was pending in the District Court, OSHA concluded its standard enforcement proceedings against Maid-Rite and declined to issue a citation. Soon thereafter, the OSHA Regional Administrator affirmed OSHA's decision not to issue a citation to Maid-Rite, noting

9

that his determination was "final and not subject to review." J.A. 233–34.

In light of the conclusion reached during OSHA's standard enforcement proceedings, and OSHA's final decision not to issue a citation to Maid-Rite, the Agency submitted a supplemental filing with the District Court on January 12, 2021. It was styled as a "Suggestion of Mootness." Dist. Dkt. ECF No. 53. In that submission, OSHA asserted that because its enforcement proceedings had concluded, and because the Regional Administrator's decision was unreviewable, the Court could no longer provide relief. Accordingly, OSHA argued that the case had become moot.

Plaintiffs filed a response to OSHA's Suggestion of Mootness. In their response, Plaintiffs asserted that the conclusion of OSHA's standard enforcement proceedings did not moot the case because § 662(d) permits the Court to order "further relief as may be appropriate." J.A. 12.

On March 30, 2021, the District Court dismissed Plaintiffs' claims. First, the Court concluded that the case was not moot and observed that "if Plaintiffs' reading of [§ 662(d)] is correct, they are still able to obtain the relief they seek regardless of the status of OSHA's inspection." J.A. 13. That rendered the controversy live and properly before the Court.

Having ruled out mootness, the District Court proceeded to set forth its basis for dismissal. The Court concluded that "Section [662(d)] affords employees relief only . . . [when] the Secretary has been presented with a finding of imminent danger by an OSHA inspector and [the Secretary]

10

has arbitrarily and capriciously rejected the recommendation to take legal action."[4] J.A. 31. Given that the OSHA inspector did *not* find an imminent danger in the Plant—and did not recommend that the Secretary take any action—the District Court explained that there was "no Secretarial decision" to review. J.A. 34–35. The Court therefore held that since "the prerequisites [of] a [§ 662(d)] action [were] not met," it lacked jurisdiction and dismissal was required. J.A. 35. Plaintiffs then brought this appeal.

## II.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. § 1331. Given that this case hinges on a question of statutory interpretation, our review is plenary. *See Morgan v. Gay*, 466 F.3d 276, 277 (3d Cir. 2006).

---

[4] Though OSHA argued before the District Court that relief under § 662(d) is only available when the Secretary has first rejected a recommendation from an OSHA inspector that the Department take legal action, OSHA now disavows that argument on appeal. *See* OSHA App. Br. p. 10 ("After due consideration, the Secretary has concluded that [§ 662(d)] does not require a rejected recommendation from [an OSHA inspector] before an employee [] may bring suit under that provision."). We need not reach that issue, although we consider OSHA's decision not to pursue this path to have been a wise one.

11

### III. DISCUSSION

#### A. Mootness

As an initial matter, we agree with the District Court that this case is not moot. A "case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). So long as a case presents live issues such that "the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 172 (quoting *Knox*, 567 U.S. at 307–08). Here, the proper construction of § 662(d) is a live legal issue, and our ultimate resolution of that issue will determine whether Plaintiffs may proceed in this action against the Secretary. Nor is this dispute a theoretical matter, as Plaintiffs continue to believe that Maid-Rite's COVID-19 mitigation practices provide inadequate protection from disease and so violate the OSH Act. Where, as here, a court faces a novel question of statutory interpretation—the resolution of which bears directly on plaintiffs' ongoing claim for relief—"[t]he opportunity for meaningful relief is still present" and the case is not moot. *Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1246 (3d Cir. 1996).

#### B. Relief under § 662(d)

Both sides agree that injunctive relief under § 662 is unavailable at this juncture. Consistent with the plain language of § 662—that a district court can "restrain any conditions or practices" that could cause "serious physical harm . . . *before* the imminence of such danger can be eliminated through

12

[OSHA's] enforcement procedures"—the Secretary may not seek emergency injunctive relief after OSHA has completed its standard enforcement proceedings. 29 U.S.C. § 662(a) (emphasis added). It follows that a district court may not grant—and a plaintiff may not seek—a writ of mandamus compelling the Secretary to seek injunctive relief under § 662(d) after OSHA's enforcement proceedings are completed.

Plaintiffs contend, however, that § 662(d) authorizes them to seek "such further relief as may be appropriate" even after OSHA has completed its enforcement proceedings. Their position is that the "such further relief" language grants employees the ability to challenge OSHA's determinations on "imminent dangers" in the workplace, divorced from the time constraint applicable to injunctive relief.

We are not persuaded. Employee-driven relief under § 662(d)—whether it be a writ of mandamus compelling OSHA to seek an injunction or "such further relief as may be appropriate"—is available only during the pendency of OSHA's standard enforcement proceedings. Although § 662(d) does not expressly tie the availability of "such further relief" to the pendency of OSHA's enforcement proceedings, that is the only plausible reading in light of § 662's manifest purpose.

"We begin, as always, with the text of the law." *United States v. Ashurov*, 726 F.3d 395, 398 (3d Cir. 2013). If a "statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (cleaned up). Here, Section 662(d) authorizes a private right of action "*if* the

13

Secretary . . . fails to seek relief under [Section 662(a)]." 29 U.S.C. § 662(d) (emphasis added). The word "if" indicates a condition precedent, *see If*, Webster's Third International Dictionary 1124 (unabridged ed. 1966)), suggesting that § 662(d)'s private right of action is available only when the Secretary fails to seek relief. But the Secretary's ability to seek an injunctive order against an employer expires upon the termination of OSHA's "normal enforcement proceedings." *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 9 n.12 (1980); *see also* 29 U.S.C. § 662(b) (providing that the "district court shall have jurisdiction to grant such injunctive relief or temporary restraining order pending the outcome of an enforcement proceeding pursuant to this chapter"). And as the Secretary cannot fairly be said to "fail[] to seek relief" when the Secretary lacks the very authority to pursue that relief, it follows that § 662(d)'s private right of action likewise expires once OSHA has completed its enforcement proceedings.

This construction also accords with the enforcement scheme Congress established in the OSH Act. Even if the "statute's language is arguably not plain," Congress's intent to create a time-limited private cause of action is further evidenced by "the statutory language in the larger context or structure of the statute in which it is found." *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 878 (3d Cir. 2022). "Statutory language cannot be construed in a vacuum," *Sturgeon v. Frost*, 577 U.S. 424, 438 (2016), and it is "our duty to construe statutes, not isolated provisions," *Singh v. Att'y Gen.*, 12 F.4th 262, 272 (3d Cir. 2021) (cleaned up). "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Gundy v. United States*, 139 S. Ct.

14

2116, 2126 (2019). Here, § 662 makes manifest that it is concerned with "imminent dangers" that might exist "pending the outcome of an enforcement proceeding." 29 U.S.C. § 662(a)–(b). This evinces clear congressional intent to establish in § 662 a limited mechanism to remedy imminent dangers that cannot await the conclusion of OSHA's standard enforcement process.

Moreover, the text of § 662(d) gives no indication that Congress intended the "such further relief" language to permit employees to challenge OSHA's determinations outside of the imminent-danger context. Instead, the "such further relief" language is linked to the injunctive remedy. *Id.* § 662(d) (authorizing employees to pursue a "writ of mandamus to compel the Secretary to seek [] an [injunction or restraining order to remedy an imminent danger] and for such further relief as may be appropriate"). The text does not state or imply that "further relief" is available outside the context of imminent dangers and the pendency of OSHA's enforcement proceedings that are the focus of § 662's statutory scheme. What's more, the broad private right of action that Plaintiffs propose would undermine the OSH Act's agency-driven enforcement structure. And it is a well-established presumption of statutory interpretation that "Congress . . . does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001). We conclude, therefore, that the private right embodied in § 662(d) is a narrow one, limited to combating imminent workplace dangers that cannot await the conclusion of OSHA's enforcement proceedings.

15

We appreciate Plaintiffs' concern that this interpretation of § 662(d) means that it will provide an avenue for relief in only limited circumstances. Yet it seems to us that such a limitation is exactly what Congress intended in enacting § 662. The proper reading of § 662 is that Congress inserted § 662(d) as a safeguard against a failure by OSHA to address an imminent danger while its own enforcement proceedings are ongoing. By design, the private right of action under § 662(d) is narrowly circumscribed. And in this case, given that OSHA's standard enforcement proceedings had concluded, relief under § 662(d) was unavailable.

## IV.    CONCLUSION

For the foregoing reasons, the District Court's March 30, 2021 order dismissing Plaintiffs' claim under 29 U.S.C. § 662(d) will be **AFFIRMED**.

16