**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3274
_____

JEFFREY L. CUTTLER, individual Sui Juris,
Appellant

v.

ALLEGHENY COUNTY; RICH FITZGERALD; LAURA ZASPEL;
JAMIE REGAN; ELLEN BUANNIC; WILLIAM D. MCKAIN; NICHOLE NAGLE;
STEPHEN PILARSKI; PATRICK DOWD; T. MATTHEW DUGAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01875)
District Judge: Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 20, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeffrey Cuttler appeals pro se from the District Court's order dismissing his civil complaint. For the following reasons, we will affirm the District Court's judgment.

In January 2022, Cuttler was terminated from his employment with the Allegheny County Office of the Public Defender (OPD) for refusing to comply with Allegheny County's mandate requiring all employees to be vaccinated against the COVID-19 virus. He brought a five-count complaint alleging state law claims for wrongful termination, intentional infliction of emotional distress, and violation of the Pennsylvania Constitution, and federal claims for violations of the Occupational Health and Safety Act (OSHA) and of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. The named defendants included Allegheny County, as well as various County executives and employees.

The District Court dismissed the federal claims with prejudice, and declined to exercise supplemental jurisdiction over the state law claims. Cuttler timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6), and will affirm if the complaint fails to state a claim for relief that is plausible on its face. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

We agree with the District Court that Cuttler's federal claims fail as a matter of law. First, Cuttler argued that several of the defendants were aware, prior to his termination, that the Centers for Disease Control and Prevention (CDC) had announced that the COVID-19 vaccine "can't . . . prevent transmission" of the virus. ECF No. 22 at 16. Therefore, he maintained, the "[d]efendants had no legitimate government interest in

2

enforcing the vaccine mandate," and, in so doing, violated his substantive due process rights under the Fourteenth Amendment.  Id. at 17.

The District Court properly determined that this claim was subject to rational basis review because Cuttler had not identified a fundamental right at issue.  See Heffner v. Murphy, 745 F.3d 56, 79 (3d Cir. 2014) (noting that rational basis review applies to substantive due process challenges unless the challenged statute or regulation "abridges certain fundamental rights and liberty interests").  Cuttler had argued that defendants infringed upon his fundamental rights to bodily autonomy and to refuse unwanted medical treatment.  See ECF No. 22 at 16-17.  As the District Court explained, Cuttler framed the issue too broadly.  The fundamental rights "to refuse unwanted medical treatment" and to "bodily integrity," "involve[ ] health decisions with consequences for only the individual involved," and are therefore distinguishable from "an individual's liberty interest in declining an unwanted [  ] vaccine," which involves "broad-based matters of public health and safety.'"  See Child.'s Health Def., Inc. v. Rutgers, the State Univ. of N.J., 93 F.4th 66, 79-80 (3d Cir. 2024).  And, according to the complaint, Cuttler was not forcibly vaccinated; rather, he was terminated for refusing to consent to vaccination.  We therefore agree with the District Court that the right at issue here is the right to refuse a vaccine, which the Supreme Court recognized in Jacobson v. Massachusetts, 197 U.S. 11 (1905), does not implicate a fundamental right.  See Child.'s Health Def., 93 F.4th at 79-80 (quoting Jacobson, 197 U.S. at 26-27 (recognizing "[t]here are manifold restraints to which every person is necessarily subject for the common good, including a community's right to protect itself against an epidemic of disease which

3

threatens the safety of its members") (internal quotation marks and citation omitted)); <u>We The Patriots USA, Inc. v. Hochul</u>, 17 F.4th 266, 293-94 (2d Cir. 2021) (holding that the COVID-19 vaccination requirement did not violate a fundamental right, noting that "[v]accination is a condition of employment in the healthcare field; the State is not forcibly vaccinating healthcare workers").

We also agree that Allegheny County's vaccine mandate survives rational basis review. <u>See</u> <u>Child's Health Def.</u>, 93 F.4th at 81 (noting that the university "need only set forth a satisfactory, rational explanation for its [vaccine] [p]olicy" to survive rational basis review (internal quotation marks omitted)). The County's policy indicated that, according to the CDC, vaccines "are the best way to slow the spread of COVID-19 and to prevent infection by the Delta variant," which "is more contagious than previously dominant variants and has led to a rapid rise in cases and hospitalizations in our area."[1] ECF No. 23-2 at 1. "Curbing the spread of COVID-19 is 'unquestionably a compelling interest.'" <u>Child.'s Health Def.</u>, 93 F.4th at 81 (quoting <u>Roman Cath. Diocese of Brooklyn v. Cuomo</u>, 592 U.S. 14, 18 (2020)).

Cuttler maintains that the vaccines were not related to a legitimate government interest because, at the time of his termination, the CDC had determined that the vaccines "can't prevent the transmission of COVID-19." Appellant's Br. at 4. For support, he

---

[1] Cuttler referred throughout his complaint to the County's COVID-19 policy, and Defendants included the policy as an exhibit to their motion to dismiss. <u>See</u> <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that a district court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

4

cites an August 2021 CNN interview with Rochelle Walensky, the CDC Director at the time.  See ECF No. 1-8.  However, even assuming that the interview could be construed as official CDC policy, when considered in full it undermines Cuttler's claim.  Walensky stated that "the vaccines are working exceptionally well.  They continue to work well with [the Delta variant] with regard to severe illness and death.  They prevent it."  Id. at 3.  While Walensky remarked that "what [the vaccines] can't do anymore is prevent transmission," she suggested that the number of infections that would be transmitted by vaccinated individuals was a fraction of the number that would occur via unvaccinated people.  Indeed, the CDC website at the time of Cuttler's termination indicated that the vaccines were slowing the spread of the virus and reducing deaths.  See https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e1.htm; see also  Child.'s Health Def., 93 F.4th at 71 n.3 (noting that we may take judicial notice of information that was available on government websites at a particular time); see Brox v. Hole, 83 F.4th 87, 101 (1st Cir. 2023) (recognizing that a CDC fact-sheet indicating that vaccinated persons are strongly protected against COVID-19 is sufficient to show a 'plausible justification' for adopting [the vaccine mandate policy] which is all that is required to satisfy rational basis review").

Moreover, it is not for the courts to evaluate the effectiveness of vaccines.  In upholding the constitutionality of a smallpox vaccine mandate, the Supreme Court emphasized the power of local authorities "to safeguard the public health and the public safety."  Jacobson, 197 U.S. at 25.  It rejected Jacobson's "offers of proof" that the smallpox vaccination was ineffective or harmful, noting that while courts may take

5

judicial notice of the "opposing theories," it is the state legislature's function to determine which approach would best protect the public health and safety. Id. at 30; Child's Health Def., 94 F.th at 79 (noting that "Jacobson did not turn on the longevity of the vaccine or the consensus regarding its efficacy"). The role of the courts, the Supreme Court concluded, is merely to determine whether the legislative action is rationally related to the protection of the public health and safety. Jacobson, 197 U.S. at 31; see also Child.'s Health Def., 93 F.4th at 81-82.

We have no doubt that Allegheny County's vaccine mandate, which was employed to limit both the spread of COVID-19 and related hospitalizations and deaths, and was based on the CDC's recommendations, is rationally related to the promotion of the public health and safety. See Child.'s Health Def., 93 F.4th at 81 (concluding that the university's COVID-19 vaccine policy, "grounded in the recommendations of experts, including at the CDC," and employed "to minimize outbreaks," "prevent or reduce the risk of transmission" and "promote the public health of the community" was "undoubtedly rational"); Norris v. Stanley, 73 F.4th 431, 435-37 (6th Cir. 2023) (affirming the dismissal of a complaint challenging a COVID-19 vaccine mandate because, as in Jacobson, the policy "further[ed] a legitimate government interest of protecting public health" and thus passed rational basis review). Cuttler's allegations were therefore insufficient to plausibly state a substantive due process claim.

Cuttler also failed to adequately plead a 14th Amendment equal protection claim. He vaguely asserted that defendants "isolated [him] into an inferior subclass of people" (i.e., unvaccinated people), and "created a class [of one] that was subject to unlawful

6

termination." ECF Nos. 22 at 17; 26 at 4. But he wholly failed to allege that he was treated differently from other similarly situated individuals. See Newark Cab Assoc. v. Newark, 901 F.3d 146, 156 (3d Cir. 2018) (recognizing that, in a class-of-one equal protection claim, the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that "there was no rational basis for the difference in treatment"); see also Child.'s Health Def., 93 F.4th at 84, n.38 (recognizing that being unvaccinated neither confers protected status nor implicates a fundamental right). On appeal, he claims that he was in a class of one because "unlike other Allegheny County Employees who were terminated from employment for their refusal to take the COVID vaccination, he provided the defendants with a vaccine exemption request written by his physician." Appellant's Br. at 2. But even if pleaded, those facts are insufficient to state a claim under a class-of-one theory because they do not allege that Cuttler was treated differently than the other unvaccinated employees; they were similarly terminated. And, in any event, there was a rational basis for the termination – Cuttler's refusal to comply with the vaccine mandate. See generally Goe v. Zucker, 43 F.4th 19, 31 (2d Cir. 2022) (recognizing that there is no fundamental right to a medical exemption from immunization).

Finally, the District Court properly dismissed these federal claims with prejudice because any further amendment of the claims would be futile.[2] See Jablonski v. Pan Am.

---

[2] Cuttler does not challenge the dismissal of his OSHA claim. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not developed in an appellant's opening brief are forfeited). At any rate, as the District Court explained, a violation of an OSHA regulation does not give rise to a private cause of action. See Dravo Corp. v.

World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).   And because the complaint failed to state a legally cognizable federal claim, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Plaintiffs' state law claims.  See 28 U.S.C. § 1367(c).

Based on the foregoing, we will affirm the District Court's judgment.

---

Occupational Safety and Health Review Comm'n, 613 F.2d 1227, 1230 n.2 (3d Cir. 1980); cf. Doe I v. Scalia, 58 F.4th 708, 711 (3d Cir. 2023) (recognizing a limited private right of action should the Secretary of the Occupational "arbitrarily or capriciously fail[ ] to seek" an injunction to remedy workplace hazards requiring immediate attention).